**Carrol MAZUR Appellant,**

v.

**\*Larry G. MASSANARI, Commissioner of Social Security.**

No. 01–3999.

United States Court of Appeals, Third Circuit.

Submitted May 3, 2002.

Decided May 17, 2002.

Before ROTH and STAPLETON, Circuit Judges, and POLLAK,\*\* District Judge.

---

\* (Pursuant to F.R.A.P. 43(C)).

\*\* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Carrol Mazur applied for social security disability benefits based on pain in her back and legs resulting from an injury at work. The ALJ made the following findings:

Based on the medical evidence, I find that the claimant has degenerative disc disease, which is an impairment causing significant vocationally relevant limitations. The claimant has no impairment, however, which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 C.F.R., Part 404, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. Since the claimant scored a valid IQ of 84 on testing, the claimant's mental capacity is in the low average range and is considered not severe. The record does not support a finding that claimant cannot perform unskilled work (20 C.F.R. § 404.1568).

I must next determine the claimant's residual functional capacity, a term which describes the range of work activities the claimant can perform despite her impairment. After considering all the evidence, I find that the claimant retains the residual functional capacity to perform the exertional demands of light work which permits alternate sitting and standing in 15 minute intervals, with lumbar flexion not greater than 60 degrees, lumbar extension not greater than 15 degrees, and lumbar lateral bending not greater than 15 degrees.

App. 14–15.

These findings are supported by substantial evidence in the record. As the ALJ explained:

... I have given weight to the report from the claimant's treating orthopedic surgeon, Dr. Neuwith (SSR 96–2p), and to the evaluation of Dr. Marryshow, who is also a orthopedic surgeon. Although Dr. Neuwith did not offer an opinion on the claimant's ability to work, the residual functional capacity established is completely consistent with his findings and those of Dr. Marryshow, both of whom have superior medical credentials. Although the state agency medical consultant concluded that the claimant could perform work of even a higher level of exertion, I have given the claimant the benefit of the doubt and limited the claimant to a maximum exertion of light (SSR 96–6p).

In assessing the claimant's residual functional capacity, consideration was given to subjective allegations (20 C.F.R. § 404.1529), however, in general, claimant's statements concerning her impairment and its impact on her ability to work are not entirely credible. The claimant's testimony about her physical limitations is not consistent with the medical evidence which generally shows no significant herniation or root impingement. She takes no prescription pain medication and relies on over-the-counter type drugs. On examination, she showed no evidence of muscle spasms, no sensory deficits, no weakness nor atrophy of muscles and had a normal gait. She reportedly keeps an apartment, drives, and does simple cooking and cleaning for herself. She is independent in personal care and can dress herself without assistance (Exhibit 8F). As noted, she does [not] take prescription medication for pain.

In her former job as a cashier, the claimant was not required to lift more than 20 pounds. The impartial vocational expert offered testimony indicating that an individual with the claimant's

residual functional capacity could perform the type of work she performed in the past as a cashier. Because claimant's past work did not require the performance of work activities precluded by her medically determinable impairment, she is able to return to the type of work she performed in the past. The vocational expert also cited other jobs the claimant could perform as well. I note the opinion of Dr. Kunkle, discussed above, that claimant could not return to her past work without restriction. However, I also note that the opinion was given over only a four month period in 1997 and was not repeated after that. I find, based on the medical evidence, that the opinion of the vocational expert was valid, and I adopt it.

App. 15–16.

The decision of the ALJ was affirmed by the Appeals Board and the District Court entered summary judgment in favor of the Commissioner. We will affirm.

Contrary to appellant's suggestion, the ALJ did not reject Dr. Kunkle's opinion without explanation. He pointed out that Dr. Kunkle's opinion was that Mazur could not return to her prior job "without restrictions" and that his opinion covered a limited period of time in 1997. He further explained that the residual functional capacity that he found was consistent with the clinical observations of Drs. Neuwith and Marryshow, both of whom had superior medical credentials.

Similarly, we cannot agree with appellant's view that the ALJ failed to adequately consider the evidence regarding her pain. As is apparent from the above-quoted explanation of his conclusion, there is substantial record support for the finding that appellant's testimony about her

pain and its impact on her ability to work was not entirely credible.

The judgment of the District Court will be affirmed.